UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00565-JLS-DFM                                   Date: January 04, 2021
Title: Kurtis Kooiman v. Siwell, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Melissa Kunig                                                          N/A
Deputy Clerk                                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

        Not Present                                           Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* (DOC. 23)**

     Before the Court is Defendant's Motion to Dismiss for *Forum Non Conveniens*. (Mot., Doc. 23; Mem., Doc. 23-1.)  Plaintiff opposed, and Defendant replied.  (Opp., Doc. 25; Reply, Doc. 29.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Having taken the matter under submission, considered the pleadings, the parties' briefs, and for the reasons stated below, the Court DENIES Defendant's Motion to Dismiss.

**I.     BACKGROUND**

     On February 11, 2020, Plaintiff Kurtis Kooiman ("Kooiman"), a resident of California, filed this employment action in Orange County Superior Court against his former employer Defendant, Siwell, Inc. dba Capital Mortgage Services of Texas ("Siwell"), a Texas corporation that does business in California and has an office here. (Compl. at Ex. A to Notice of Removal ("NOR"), Doc. 1-1, ¶ 1-6.)  On March 20, 2020, Siwell removed the action to this Court, invoking diversity jurisdiction.  (*See* NOR, Doc. 1.)

     This action arises out of Kooiman's employment relationship with Siwell, which lasted from July 2014 until October 2017.  (Compl. ¶¶ 7-10.)  Kooiman first executed an employment agreement with Siwell in July 2014, accepting a position as a sales force loan officer.  (*Id.* ¶ 7; *see also* "Employment Agreement" at Ex. 1 to Mem., Doc. 23-1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

ECF pages 11 to 15.)  In January 2015, Kooiman accepted Siwell's offer to be a senior loan officer in Siwell's office in Mission Viejo, California.  (Compl. ¶ 7; *see also* "January 2015 Employment Addendum" at Ex. A to Compl., Doc. 1-1, ECF pages 14-17.)  According to the Complaint, at Siwell's request, Kooiman opened up an office for Siwell in Mission Viejo, "incurring expense related to, among other things, office supplies, telephone and internet, computers, and the lease itself in the amount of at least $67,435.32, for which [Kooiman] was never reimbursed by [Siwell]."  (Compl. ¶ 9.)

Kooiman was terminated in October 2017, and he now asserts claims against Siwell for (1) breach of contract; (2) failure to pay wages upon separation in violation of California Labor Code Sections 201,202, and 203; (3) failure to reimburse business expenses in violation of California Labor Code Section 2802; (4) failure to furnish accurate wage statements in violation of California Labor Code Section 226(a); (5) violations of California's Unfair Competition Law ("UCL"); (6) quantum meruit; and (7) promissory estoppel.  (*See* Compl. ¶¶ 11-54.)

Siwell brings the present Motion to Dismiss for *Forum Non Conveniens* seeking to enforce the forum selection clause in the parties' Employment Agreement, which designates the State District Courts of Lubbock County, Texas as the exclusive forum from claims arising from or related to the parties' agreement.  The provision reads:
> "This Agreement is fully performable in Lubbock, County, Texas. Texas law shall apply to the interpretation of this agreement and the parties' rights and obligations contained therein. *Venue for any claim arising from or related to this Agreement shall only be in the State District Courts of Lubbock County, Texas*. Each party irrevocably submits to Texas Jurisdiction and waives the defense of an inconvenient forum."

(*See* July 2014 Agreement at 4) (emphasis added).

## II.   LEGAL STANDARD

When faced with a *forum non conveniens* motion that is based on a forum selection clause, the district court must undertake a two-step process.  As an initial matter, the court must determine that there exists a valid and enforceable forum selection and that it encompasses the claims at issue.  Federal law governs a forum selection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

clause's validity. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011). A forum selection clause is afforded a presumption of validity and the party resisting the enforcement of a forum selection clause must show that it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotations omitted). A forum selection clause can be unreasonable, and therefore unenforceable, for one of three reasons: (a) the inclusion of the clause in the agreement was the product of fraud or overreaching; (b) the resisting party would effectively be deprived of his day in court were the clause enforced; or (c) enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (internal quotations and citations omitted).

      If a valid and enforceable contract applies, the court must then analyze the propriety of dismissal based on *forum non conveniens* under 28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering [a *forum non conveniens* motion] must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). But that calculus "changes when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63. Specifically, the Supreme Court has held that when there is a valid forum-selection clause, a district court must adjust its usual analysis under 28 U.S.C. § 1404(a) in three ways: First, the plaintiff bears the burden of showing that the court should disregard the forum-selection clause. Second, the court considers only public-interest factors weighing against dismissal because, when the parties agree to a forum selection clause, they waive the right to challenge the selected forum based on inconvenience to themselves and their witnesses. Third, the agreed-upon forum need not apply the law of the court in which the plaintiff filed suit. *Id.* at 63-65.

### III.   DISCUSSION

      Siwell seeks to enforce the forum selection clause in the Employment Agreement, which designates the State District Courts of Lubbock County, Texas as the exclusive forum for any claims arising out of the parties' contract. (Mem. at 2-3.) Kooiman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

opposes, arguing that (1) the forum selection clause is unreasonable, and therefore, enforceable, and (2) even if it is enforceable, the public interest factors weigh against dismissal. (Opp. at 4-9.)

As to Kooiman's first argument, a forum selection clause can be unreasonable for one of three reasons: (a) the inclusion of the clause in the agreement was the product of fraud or overreaching; (b) the resisting party would effectively be deprived of his day in court were the clause enforced; or (c) enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy*, 362 F.3d at 1140.

As to the public policy point, the Ninth Circuit has held that a forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *Bremen*, 407 U.S. at 17). The Court finds that the forum selection clause at issue here contravenes California public policy, and is therefore unenforceable, for the two interrelated reasons that (1) the forum selection clause is unconscionable and especially so because (2) it purports to be an agreement by an employee to waive non-waivable rights under California law.

### A. Unconscionability

"California [] has a strong public policy against the enforcement of unconscionable contract provisions." *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 114 F. Supp. 3d 871, 878 (N.D. Cal. 2015) (citing Cal. Civ. Code § 1670.5(a)). "Unconscionability under California law has both a procedural and a substantive element and courts use a sliding scale in analyzing these two elements." *Perez v. DirecTV Grp. Holdings, LLC*, 251 F. Supp. 3d 1328, 1343 (C.D. Cal. 2017) (Staton, J.), *aff'd sub nom. Perez v. DirecTV, LLC,* 740 F. App'x 560 (9th Cir. 2018) (internal citations and quotations omitted). "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 114 (2000)). Both elements must be present for the Court to hold a provision of the contract unenforceable. *Id.*

As this Court has previously explained, "[a] contract is procedurally unconscionable under California law if it is 'a standardized contract, drafted by the party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" *Perez*, 251 F. Supp. 3d at 1344 (internal citations omitted). Here, Kooiman has submitted a declaration that indicates the Employment Agreement is a contract of adhesion. (Kooiman Decl., Doc. 25-2.) Specifically, Kooiman declares that he was given the Employment Agreement on a "take it or leave it" basis, and that Siwell drafted it with no input from him. (*Id.* at 2.) He also declares that Siwell did not point out the forum selection clause to him, did not explain to him what rights he would be giving up, and did not advise that he consult an attorney. (*Id.* at 3.) Finally, Siwell told him he needed to sign the Employment Agreement within three days or the offer would be withdrawn. Under California law, therefore, the Employment Agreement is a contract of adhesion and procedurally unconscionable. *Accord Billings*, 2018 WL 2762117, at *7 (E.D. Cal. June 8, 2018).

Siwell does not seriously challenge Kooiman's assertion that the Employment Agreement is a contract of adhesion, but it argues that there is "[no] *per se* rule that non-negotiated forum-selection clauses are never enforceable." (Reply at 4.) True, when there are no other indicia of oppression or surprise than a non-negotiable contract, the agreement will be enforceable unless, as is the case here, the degree of substantive unconscionability is high. *Id.* (internal citations omitted). "A provision is substantively unconscionable if it involves contract terms that are so one-sided as to shock the conscience, or that impose harsh or oppressive terms." *Parada v. Superior Court*, 176 Cal. App. 4th 1554, 1573 (2009) (internal citations).

The forum selection clause at issue here easily meets this standard. Siwell, a corporation with offices in California, included in its unilaterally drafted employment contract a forum selection clause that designates Texas as the exclusive venue for claims arising out of employment contracts executed in California, with residents of California, and relating to business it conducts in California. (*See generally* Compl.) The Court agrees with other decisions holding that where, as here, the action's only connection to the contractually-selected forum is that the drafting party's place of business is located there, it appears "venue selection serves no purpose other than to erect an unconscionable barrier to relief for non-drafting parties." *Milliner*, 114 F. Supp. 3d at 880. The forum selection clause is therefore unduly oppressive to Kooiman.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00565-JLS-DFM                                             Date: January 04, 2021
Title: Kurtis Kooiman v. Siwell, Inc. et al.

But Siwell did not stop there. The forum selection clause also provides that any claims relating to or arising out of the Employment Agreement will be governed by Texas law. (*See* July 2014 Employment Agreement at 4.) The clause, therefore, purports to waive the applicability of the California Labor Code to a contract governing employment relationships in California. As further discussed below, *see infra* at III.B, the California Labor Code contains express non-waiver provisions. Siwell's inclusion of a term in a non-negotiable employment contract that purports to be an agreement by employees to waive their non-waivable rights is itself contrary to California public policy. The Court therefore concludes that the forum-selection clause is substantively unconscionable. *See Pereyra v. Guaranteed Rate, Inc*., No. 18-CV-06669-EMC, 2019 WL 2716519, at *8 (N.D. Cal. June 28, 2019) (finding unconscionable a provision that contravened the California Labor Code).

Having concluded that the forum-selection clause is both procedurally and substantively unconscionable, the Court declines to enforce it. Alternatively, even if the forum-selection clause were otherwise valid, the same waiver of non-waivable rights would render it unenforceable under the *Atlantic Marine* public interest factors analysis.

**B. The California Labor Code**

The forum selection clause contravenes California public policy because it purports to be an agreement by Siwell's employees, in this case Kooiman, to waive non-waivable rights. In *Doe 1*, the Ninth Circuit refused to enforce a forum selection clause that would force plaintiffs to sue in Virginia state court, because plaintiffs would not be able to proceed as a class in Virginia state court and because they would lose their right to enhanced damages under California Consumers Legal Remedies Act (CLRA). 552 F.3d at 1084–85. The Ninth Circuit concluded that California's judicially created public policy against class action waivers and the statutory anti-waiver provision in the CLRA barred enforcement of the forum selection clause. *Id.*; *see also* Cal. Civ. Code § 1751 ("Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."). The Ninth Circuit's reasoning emphasized that a binding California decision had already examined the same forum selection clause and squarely held that it violated California public policy. *Id.* (citing *America Online, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

*Superior Court of Alameda County (Mendoza),* 90 Cal.App.4th 1 (2001)). Accordingly, the Ninth Circuit had no trouble concluding that California had declared "by judicial decision" a strong public policy against enforcing a forum selection clause that would strip plaintiffs of their right to a class action and to bring CLRA claims. *Id.* (quoting *Bremen*, 407 U.S. at 17).

Here, the Court finds itself in the same unique position as did the *Doe 1* court. Namely, a binding California opinion has squarely refused to enforce, on public policy grounds, a similar forum selection clause under facts nearly identical to those before the Court now. In *Verdugo v. Alliantgroup, L.P.* an employee based her wage and hour claims on the California Labor Code. 237 Cal. App. 4th 141, 157-58 (Cal. Ct. App. 2015). The *Verdugo* court cited the express anti-waiver provision of the California Labor Code in support of the conclusion that the forum selection clause requiring plaintiff to try her claims in Texas state court was unenforceable because forcing plaintiff to sue in Texas, and applying Texas law to her claims, contravened California's clear public policy against waiver of California Labor Code claims. *Id.* at 156 ((citing, for example, *Crab Addison, Inc. v. Superior Court*, 169 Cal.App.4th 958, 970 (2008) ("So great is the public policy protecting employees' right to [wages and] overtime compensation that the right is 'unwaivable.'")). Although the employer contended that Texas courts would most likely apply California law to plaintiff's claims, the court was skeptical. The court found that the employer's refusal to stipulate to California law suggested the employer was preserving its ability to argue to the Texas court that Texas law should apply. The court concluded that plaintiff's Labor Code rights would likely be contravened if the forum selection clause were enforced. *Verdugo*, 237 Cal. App. 4th at 159.

Here, Kooiman alleges, among other things, that Siwell (1) violated California Labor Code sections 201, 202, and 203 by failing to pay Kooiman wages due upon termination, (2) violated and continues to violate California Labor Code Section 2802 by its failure to reimburse Kooiman for expenses he incurred for Siwell's benefit, and (3) violated California Labor Code Section 226(a) by failing to provide Kooiman with accurate wage statements. (Compl. ¶¶ 17-21; 22-26; 27-29.) In short, Kooiman bases some of his claims on the California Labor Code, including provisions that were at issue in *Verdugo*. As in that decision, the Employment Agreement here calls for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

application of Texas law and therefore "has the potential to contravene an antiwaiver statute designed to protect California residents from business practices that do not meet Labor Code standards." *Verdugo*, 237 Cal. App. 4th at 151.

Without explicitly discussing the foregoing case law, Siwell distinguishes this matter from *Verdugo* in one respect—it states that it will stipulate that California law applies to Kooiman's claims if he chooses to sue in a Texas court. (Mem. at 2.) True, some language in *Verdugo* seemingly suggests that a defendant could carry its burden of showing that plaintiff's unwaivable rights would not be contravened in Texas state court because it stipulated to California law, *see Verdugo*, 237 Cal. App. 4th at 159, but that analysis was dicta and not a part of *Verdugo*'s holding. Indeed, it is well-settled that an employer's "after-the-fact expression of willingness to amend [a contractual provision] to conform to law is ineffective." *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 116 (2004). And "[t]he conscionability of the provision is to be judged at the time the agreement is made." *Pereyra v. Guaranteed Rate, Inc.*, No. 18-CV-06669-EMC, 2019 WL 2716519, at *8 (N.D. Cal. June 28, 2019).

Here, the clause, as written and in combination with the choice-of-law provision, violates public policy against allowing unwaivable rights to be diminished, and, according to California law, was "illegal and unenforceable," *id.* at 150, at the time Siwell presented it to Kooiman on a take-it-or-leave-it basis. Unfortunately, the drafters of such unenforceable provisions are often rewarded because of the chilling effect they have; a California employee is likely to believe the contractual provision to be binding and may therefore simply forego pursuit of her statutory rights, believing she would have to file in a Texas state court, which would apply Texas law. Other courts have similarly recognized that an employer's post-suit offer to modify oppressive terms are particularly unavailing where the inclusion of the term is likely to produce an unacceptable chilling effect on employees seeking to vindicate their rights. *See Martinez*, 118 Cal. App. 4th at 116 (a mandatory arbitration provision requiring employee to share in the cost of arbitration was unconscionable in its entirety, produced an unacceptable chilling effect, and could not be saved by employer's post-suit offer to modify the provision); *Pereyra*, 2019 WL 2716519, at *8 (the fee shifting in the contract's attorneys' fees provision was

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00565-JLS-DFM | Date: January 04, 2021 |
| Title: Kurtis Kooiman v. Siwell, Inc. et al. | |

unconscionable because it subverted the Labor Code's limitation of employee's exposure to fee liability and had a potential chilling effect on employees' willingness to bring suit).

 Based on the foregoing, the Court declines to enforce the forum selection clause in this matter.

### IV. CONCLUSION

 For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

                Initials of Deputy Clerk: mku