WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Siwell, Inc.*
*d.b.a. Capital Mortgage Services of Texas*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KURTIS KOOIMAN, <br><br> Plaintiff, <br><br> vs. <br><br> SIWELL, INC., d.b.a. Capital Mortgage Services of Texas; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 8:20-cv-00565-JLS-DFM <br><br> **DEFENDANT SIWELL, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** <br><br> **Court Trial:** <br> Dates:   December 9, 2021 <br>             and January 12, 2022 <br> Time:    9:00 a.m. <br> Courtroom:  10A <br><br> Hon. Josephine L. Staton |

SiWell, Inc., d.b.a. Capital Mortgage Services of Texas ("Defendant") hereby submits its (Proposed) Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On June 26, 2014, Defendant offered Plaintiff the position of Senior Loan Officer ("First Offer"). Joint Exhibit List, Exhibit No. 1.

2. Plaintiff holds a Department of Real Estate Broker's License. Trial Transcript, December 9, 2021 ("Transcript I"), p. 8, line 1-4.

3. On January 5, 2015, Defendant offered Plaintiff the position of Senior Loan Officer ("Contract"). Joint Exhibit List, Exhibit No. 1.

4. The Contract provided that Plaintiff would receive compensation in the form of commission in connection with loans originated by Plaintiff as follows:

| Loan Type | Variation | Commission-Self Generated | Commission-Company Lead |
|---|---|---|---|
| FHA | Standard | 135 basis points | 40 basis points |
| FHA | High-Balance | 135 basis points | 40 basis points |
| FHA | Streamline | 135 basis points | 40 basis points |
| Conventional | Standard | 135 basis points | 40 basis points |
| Conventional | High-Balance | 100 basis points | 40 basis points |
| Non-Conventional | Jumbo Select | 40 basis points | 40 basis points |
| Non-Conventional | Jumbo Select/Alt | 40 basis points | 40 basis points |
| Non-Conventional | Jumbo-Choice | 40 basis points | 40 basis points |

Joint Exhibit List, Exhibit No. 1.

5. On February 11, 2020, Plaintiff filed his complaint against Defendant for breach of contract; failure to pay commission wages in breach of California Labor Code; reimbursement of business expenses; failure to furnish accurate wage statements; violations of the Unfair Competition law; quantum meruit; and promissory estoppel. Docket Entry 1.

6. On March 20, 2020, Defendant removed the case to this Court. Docket Entry 1.

7. On January 20, 2021, Defendant filed its Answer to Plaintiff's Complaint. Docket Entry 33.

## CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

9. Plaintiff is a citizen and resident of California and Defendant is a Texas corporation with its principal place of business in Texas.

### B. Plaintiff's Claim for Breach of Contract.

10. The elements of a claim for breach of contract are: (a) the existence of a contract; (b) plaintiff's performance of the contract or excuse for non-performance; and (c) the defendant's breach, and resulting damage to Plaintiff. *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (Cal.App. 2014)

11. Plaintiff contends that he is entitled to commission in the following amounts pursuant to the Contract.

| Date | Name | Commission % | Payable | Due |
| --- | --- | --- | --- | --- |
| 9/11/17 | Hermening | 2.375% | 10/15/17 | $3,343.34 |
| 10/2/17 | Wilson | 2.375% | 10/15/17 | $3,544.69 |
| 9/11/17 | Chauhan | 2.375% | 10/15/17 | $3,983.11 |
| 9/16/17 | Love | 2.375% | 10/15/17 | $5,769.90 |
| 9/11/17 | Robertson | 2.375% | 10/15/17 | $4,293.26 |

Joint Exhibit List, Exhibit No. 2-6.

12. Pursuant to the Contract, Defendant agreed to pay Plaintiff a commission of between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated. 1.35% was the maximum commission percentage that Plaintiff could be entitled to pursuant to the Contract. Joint Exhibit List, Exhibit No. 1.

13. Plaintiff's claim that he is entitled to 2.375% of the Hermening, Wilson, Chauhan, Love, and Robertson loans is contrary to the Contract because the Contract provides for commission in the amount of between 35 basis points (.035%) and 135 basis

points (1.35%) of each loan originated and Plaintiff claims that he is entitled to a commission of 237.5 basis points (2.375%) of the loans in question. Joint Exhibit List, Exhibit No. 2-6.

14. Plaintiff testified that his contract with Defendant provided that he would receive commission between 40 and 135 basis points for each loan that he closed: 40 basis points for refinances and 135 basis points for loans that did not involve an existing Capital Mortgage borrower. Transcript I, p. 19, lines 7-19; Trial Transcript, January 12, 2022 ("Transcript II"), p. 102, lines 13-25, and p. 103, lines 1-7.

15. Plaintiff testified that the Harmening loan did not involve an existing Capital Mortgage customer and that the Wilson, Love, and Robertson loans did involve Capital Mortgage Customers. Transcript II, p. 103, lines 8-23.

16. Plaintiff has failed to establish by a preponderance of the evidence that Defendant breached the Contract when it refused to pay the 2.375% commissions that he demanded because he was not entitled to the 2.375% commissions pursuant to the Contract. Joint Exhibit List, Exhibit No. 1.

17. Defendant is entitled to Judgment in its favor on Plaintiff's claim for breach of contract because, contrary to Plaintiff's Complaint, the Contract did not provide for commissions in the amount of 2.375%.

### C.  Plaintiff's Claim for Failure to Pay Wages Upon Separation.

18. The elements of a claim for failure to pay wages are: (a) plaintiff performed work for the defendant and (b) he defendant owes plaintiff the wages under the terms of employment. California Civil Jury Instructions (CACI) 2700 Nonpayment of Wages-- Essential Factual Elements (Lab. Code 201, 202, 218).

19. Plaintiff's claim that he is entitled to 2.375% of the Hermening, Wilson, Chauhan, Love, and Robertson loans is contrary to the Contract because the Contract provides for commission in the amount of between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated and Plaintiff claims that he is entitled to a commission of 237.5 basis points (2.375%) of the loans in question. Joint Exhibit List,

Exhibit No. 1.

20. Plaintiff has failed to establish that Defendant failed to pay wages upon separation when it refused to pay the 2.375% commissions that he demanded because he was not entitled to the 2.375% commissions pursuant to the Contract. Joint Exhibit List, Exhibit No. 1.

21. Defendant is entitled to Judgment in its favor on Plaintiff's claim for failure to pay wages upon separation.

### D. Plaintiff's Claim for Reimbursement of Business Expenses.

22. The elements of a claim for reimbursement of business expenses are Plaintiff incurred necessary expenditures, the expenditures were incurred while discharging job duties, the defendant knew or had reason to know of the expenditures, and the defendant did not exercise due diligence towards reimbursement. *Cochran v Schwan's Home Services, Inc.*, 228 Cal. App.4th 1137 (Cal. App 2014).

23. The statute of limitations under California Labor Code § 2802 is also three years because unreimbursed business expenses are not considered a penalty, but rather are considered restitution. *See Ordonez v. Radio Shack,* No. CV 10–7060 CAS (MANx), 2011 WL 499279, at *6 (C.D.Cal. Feb.7, 2011); Cal.Code Civ. Proc. § 338, subd. (a); *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, No. CV 12-5796 PSG VBKX, 2013 WL 800265, at *2 (C.D. Cal. Mar. 1, 2013).

24. Plaintiff contends that Straightline Properties LLC, incurred $67,435.32 in reasonable and necessary work-related expenses between June 17, 2016 and February 13, 2018. Joint Exhibit List, Exhibit No. 24-29.

25. Plaintiff's office of record was Capital Mortgage's Lubbock, Texas office. Transcript II, p. 105, line 20-25, p. 106, line 1-3.

26. Royce Lewis testified at his deposition on February 26, 2021 that Plaintiff was not authorized to open a branch of Capital Mortgage. Transcript II, p. 120, line 20-25, p. 121, line 1-3, p. 123, line 3-11, p. 125, line 9-15.

27. Plaintiff has failed to establish that he is entitled to reimbursement of the

expenses allegedly incurred by Plaintiff because he has offered no evidence that the alleged expenses were incurred at the direct instruction of Defendant, that Defendant authorized Plaintiff to incur such expenses on its behalf, or that Defendant otherwise agreed to reimburse Plaintiff for such expenses.

28. Plaintiff's Complaint was filed on February 11, 2020; therefore, Plaintiff's claim for reimbursement of any business expenses incurred prior to February 11, 2017 is also time-barred.

29. Defendant is entitled to Judgment in its favor on Plaintiff's claim for reimbursement of business expenses.

### E. Plaintiff's Claim for Failure to Furnish Accurate Wage Statements.

30. The elements of a claim for failure to furnish accurate wage statements are an employer must furnish an accurate itemized wage statement in writing showing nine different items pursuant to Labor Code section 226(a), an employee suffers an injury as the result of employers knowing and intentional failure to comply with Labor Code section 226(a), and resulting injury. *Willner v. Manpower Inc.* 35 F.Supp.3d 1116, 1128 (N.D. Cal. 2014).

31. Plaintiff's claim that he is entitled to 2.375% of the Hermening, Wilson, Chauhan, Love, and Robertson loans is contrary to the Contract because the Contract provides for commission in the amount of between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated and Plaintiff claims that he is entitled to a commission of 237.5 basis points (2.375%) of the loans in question. Joint Exhibit List, Exhibit No. 1.

32. Plaintiff has failed to establish that Defendant failed to furnish accurate wage statements when it refused to pay the 2.375% commissions that he demanded because he was not entitled to the 2.375% commissions pursuant to the Contract. Joint Exhibit List, Exhibit No. 1.

33. Defendant is entitled to Judgment in its favor on Plaintiff's claim for failure to furnish accurate wage statements.

### F. Plaintiff's Claim for Violations of the Unfair Competition Law.

34. The commission of an unlawful, unfair, or fraudulent business act or practice. Cal Bus. Prof. Code section 17200; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co,* 20 Cal.4th 163, 180 (1999). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-839 (1994). A business practice may be unfair or unlawful in violation of the UCL even if the practice does not violate any law. *Olszewski v. Scripps Health*, 30 Cal.4th 798, 827 (2003). To assert standing under the UCL, plaintiffs must allege that they "suffered an injury in fact" and "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code section 17204.

35. Plaintiff has failed to establish that Defendant violated Cal Bus. Prof. Code section 17200 because he has failed to establish that Defendant engaged in any unlawful, unfair, or fraudulent business act or practice of that Defendant violated any federal state, or local law.

36. Defendant is entitled to Judgment in its favor on Plaintiff's claim for violation of Cal Bus. Prof. Code section 17200.

### G. Plaintiff's Claim for Quantum Meruit.

37. The elements of a claim for quantum meruit are plaintiff performed services for defendant, the services reasonable value, the services were rendered, and the services were unpaid. *DPR Construction v Shire Regenerative Medicine, Inc.* (S.D. Cal. 2016) F.Supp.3d 1118, 1131.

38. The statute of limitations for quantum meruit claims in California is two years. *Maglica v. Maglica* (1998) 66 Cal.App.4th 442, 452, 78 Cal.Rptr.2d 101; *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1221, 212 Cal. Rptr. 3d 216, 227 (2016), *aff'd*, 4 Cal. 5th 637, 413 P.3d 650 (2018).

39. The statute of limitations on a quantum meruit claim begins to run when the final services have been performed. *E.O.C. Ord, Inc. v. Kovakovich*, 200 Cal. App. 3d 1194, 1203 (1988).

40. Plaintiff's claim that he is entitled to 2.375% of the Hermening, Wilson, Chauhan, Love, and Robertson loans is contrary to the Contract because the Contract provides for commission in the amount of between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated and Plaintiff claims that he is entitled to a commission of 237.5 basis points (2.375%) of the loans in question. Joint Exhibit List, Exhibit No. 1.

41. Plaintiff has failed to establish that he is entitled to $20,934.30 because the Contract, which is the contract that governed Plaintiff's compensation by Defendant specifically provided that he was entitled to between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated and his demand for payment was for 2.375% of the loans allegedly originated. Joint Exhibit List, Exhibit No. 1.

42. The alleged commission owed to Plaintiff was payable on October 15, 2017. However, Plaintiff's complaint was not filed until February 22, 2020, more than two years thereafter. Joint Exhibit List, Exhibit No. 2-6. Therefore, Plaintiff's claim for quantum meruit is also time-barred.

43. Defendant is entitled to Judgment in its favor on Plaintiff's claim for quantum meruit.

### H. **Plaintiff's Claim for Plaintiff's Claim for Promissory Estoppel.**

35. The elements of a claim for promissory estoppel are Defendant makes promise to Plaintiff, Plaintiff is induced by Defendant's promise to a particular action or inaction, Defendant should reasonably expect that the promise will induce the particular action or inaction, and Injustice will result if the promise is not enforced. *Sheppard v. Morgan Keegan & Co.*, 218 Cal.App.3d 61, 67 (Cal.App. 1990).

36. "[P]romissory estoppel applies only in the absence of an express agreement between the parties. If instead 'the promisee's performance was requested at the time the promisor made his promise and that performance was bargained for, the doctrine is inapplicable.' " *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 275, 129 Cal. Rptr. 3d 467 (2011)).

37. The statute of limitations for promissory estoppel based on oral promises is two years. *See Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016).

38. For Promissory Estoppel claims, the statute of limitations begins to run on the date for which the service was rendered. *Corato v. Corato's Estate*, 201 Cal. 155, 159, 255 P. 825 (1927).

39. The parol evidence rule is codified in Civil Code section 1625 and Code of Civil Procedure section 1856. *Marani v. Jackson* (1986) 183 Cal.App.3d 695, 701, 228 Cal.Rptr. 518 (1986). It "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." *Alling v. Universal Manufacturing Corp.*, 5 Cal.App.4th 1412, 1433, 7 Cal.Rptr.2d 718 (1992).

40. Plaintiff's claim that he is entitled to 2.375% of the Hermening, Wilson, Chauhan, Love, and Robertson loans is contrary to the Contract because the Contract provides for commission in the amount of between 40 basis points (.040%) and 135 basis points (1.35%) of each loan originated and Plaintiff claims that he is entitled to a commission of 237.5 basis points (2.375%) of the loans in question. Joint Exhibit List, Exhibit No. 1.

41. Plaintiff has offered no evidence of Defendant's promise to pay him commission in an amount higher than between 40 basis points (.040%) and 135 basis points (1.35%) provided for in the Contract. Moreover, even if he had, such evidence would be barred by the parol evidence rule.

42. Plaintiff has failed to establish that he is entitled to $20,934.30 because the Contract, which is the contract that governed Plaintiff's compensation by Defendant, specifically provided that he was entitled to a maximum of 1.35% of each loan originated and his demand for payment was for 2.375% of the loans allegedly originated.

43. Plaintiff contends that he incurred $67,435.32 in reasonable and necessary work-related expenses.

44. Plaintiff has failed to establish that he is entitled to reimbursement of the expenses allegedly incurred by Plaintiff because he has offered no evidence that the alleged expenses incurred were incurred at the direct instruction of Defendant, that Defendant authorized Plaintiff to incur such expenses on its behalf, or that Defendant otherwise agreed to reimburse Plaintiff for such expenses.

45. The alleged commission owed to Plaintiff was payable on October 15, 2017. However, Plaintiff's complaint was not filed until February 22, 2020, more than two years thereafter. Joint Exhibit List, Exhibit No. 2-6. Therefore, Plaintiff's claim for promissory estoppel with regard to the alleged commissions earned is also time-barred.

46. Plaintiff's claim for promissory estoppel in connection with the alleged commission owed also fails on the basis that there is an express agreement between Plaintiff and Defendant in the form of the Contract. Joint Exhibit List, Exhibit No. 1.

47. Plaintiff contends that Straightline Properties LLC, incurred $67,435.32 in reasonable and necessary work-related expenses between June 17, 2016 and February 13, 2018. Joint Exhibit List, Exhibit No. 24-29. Plaintiff's complaint was not filed until February 22, 2020, more than two years thereafter. Joint Exhibit List, Exhibit No. 2-6. Therefore, Plaintiff's claim for promissory estoppel with regard to the alleged business expenses incurred is also time-barred.

48. Defendant is entitled to Judgment in its favor on Plaintiff's claim for promissory estoppel.

WHEREFORE, Judgement on all claims shall enter in favor of Defendant and Plaintiff shall take nothing by reason of his Complaint.

DATED: March ____, 2022

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT COURT JUDGE


Submitted By:

DATED: March 4, 2022    Respectfully Submitted,

MALCOLM ♦ CISNEROS,
A Law Corporation

By: /s/ *Nathan F. Smith*
  NATHAN F. SMITH
  *Attorneys for Siwell, Inc. d.b.a. Capital Mortgage Services of Texas*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Irvine, California, 92612.

The foregoing document described as **DEFENDANT SIWELL, INC.'S FINDINGS OF FACT AND CONCLUSIONS OF LAW** was served via electronic mail on the interested parties in this action on March 4, 2022, as indicated below:

Frank Cronin
cronin.frank@gmail.com

William G Malcolm
bill@mclaw.org,cvalenzuela@mclaw.org

Malcolm Cisneros, A Law Corporation
charlie@mclaw.org

Charles W Nunley , II
Charlie@mclaw.org,cvalenzuela@mclaw.org

Douglas A. Plazak
dplazak@rhlaw.com

Nathan Frederick Jones Smith
nathan@mclaw.org,cvalenzuela@mclaw.org

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 4, 2022, at Irvine, California.

*/s/ Christina Valenzuela*
Christina Valenzuela