UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KURTIS KOOIMAN V. SIWELL, INC. ET AL | CASE NO. 8:20-cv-00565-JLS-DFM<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
|---|---|

1

Plaintiff Kurtis Kooiman initiated this action against Defendant Siwell, Inc. dba Capital Mortgage Service of Texas ("Capital Mortgage") to recover monies he alleged Capital Mortgage owed to him as a result of its failure to pay commissions and reimburse his business expenses. The matter was fully tried and submitted for decision. The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).[1] Having considered the evidence, the parties' objections to the evidence, the credibility of the trial witnesses, and both parties' arguments at trial, the Court finds in favor of Kooiman and finds he is entitled to the reimbursement of reasonable business expenses incurred in operating the Mission Viejo branch of Capital Mortgage, commissions commensurate with the employment agreement executed between Kooiman and Capital Mortgage, and waiting-time penalties.

## I.    FINDINGS OF FACT

Capital Mortgage offered Kooiman, and Kooiman accepted, a position as a Sales Force Loan Officer on or about June 26, 2014. (Trial Ex. 20.) On or about January 5, 2015, Kooiman was offered and accepted the job of Senior Loan Officer by Capital Mortgage. (Trial Ex. 1; Reporter's Trial Transcript I, Doc. 67, at 17-18.) In this role, Kooiman was to be paid by way of commission: he would receive 40 basis points for loans originated by Capital Mortgage and 135 basis points for loans he originated. A basis point equals 1% of the total amount of the loan. (Transcript I at 19.)

In 2015, Kooiman first worked in Capital Mortgage's Anaheim Hills office (*id.* at 20-21) and later worked in its Irvine office (*id.* at 22).

In April or May of 2016, after Kooiman threatened to quit Capital Mortgage, Capital Mortgage's principal, Royce Lewis, suggested during a telephone call with Kooiman that Kooiman open a new California branch. (*Id.* at 23-25, 28.) Following that

---

[1] Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

2

call, Kooiman provided Lewis with a business plan and took steps to open a Mission Viejo branch of Capital Mortgage, including signing a lease for office space. (Trial Ex. 7; Transcript I 25-27; Trial Ex. 27.) Lewis became aware of that lease a few days after Kooiman signed it, and although there is no evidence Lewis expressly approved of the creation of a Mission Viejo branch, neither Lewis nor anyone else at Capital Mortgage instructed Kooiman to terminate the lease or cease operating the Mission Viejo branch. (Transcript I at 30-32, 35.)

Kooiman began operating the Mission Viejo office in July or August of 2016. (Trial Ex. 18.) Kooiman hired Mirtha Vasquez as a Loan Officer Assistant and Wesley Johnson as an assistant, both of whom worked in the Mission Viejo office. Kooiman regularly provided payroll information for himself, Mirtha, and other employees, such as Christian Ellis, to Capital Mortgage's employee, Eric Sharp. (Transcript I at 37-41; Trial Exs. 18-14, 18-17, 18-20, 18-23, 18-26, 18-30, 18-33, 18-34, 18-35, 18-38, 18-38, 18-44.)

Between June of 2016 and February of 2018, Kooiman incurred $67,435.32 in unreimbursed business expenses for the operation of the Mission Viejo office related to (1) office supplies; (2) telephone installation and parts; (3) lock replacements; (4) shredding; (5) property tax; (6) telephone and internet fees; (7) IT/computer expense; and (8) office rent. (Trial Exs. 24, 25, 26, 27, 28, 29; Reporter's Transcript II, Doc. 68, at 86-94.)

In September 2017, Kooiman generated and closed a loan for a borrower named Harmening in the total amount of $140,722. (Trial Ex. 2-3; Transcript II at 94-95.) In October 2017, Kooiman generated and closed a loan from Capital Mortgage's company portfolio for a borrower named Wilson in the total amount of $149,250. (Trial Ex. 3-7; Transcript II at 96-98.) In September 2017, Kooiman generated and closed a loan from Capital Mortgage's company portfolio for a borrower named Chauhan in the total amount of $247,398. (Trial Ex. 4; Transcript II at 98-100.) In September 2017, Kooiman generated and closed a loan from Capital Mortgage's company portfolio for a borrower named Love in the total amount of $256,440. (Trial Ex. 5; Transcript II at 100-101.) And

in September 2017, Kooiman generated and closed a loan from Capital Mortgage's company portfolio for a borrower named Robertson in the total amount of $180,769. (Trial Ex. 6; Transcript II at 101.) Kooiman did not receive any commissions from Capital Mortgage on these loans. (Transcript II at 110-111.)

## II. CONCLUSIONS OF LAW

### A. Breach of Contract

Under California law, the elements for breach of contract are: (1) the existence of a contract; (2) the plaintiff's performance of the contract or excuse for non-performance; (3) the defendant's breach of the contract; and (4) resulting damage to the plaintiff. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Kooiman alleges that because Capital Mortgage regularly paid up to 2.375% of the total loan amount in commissions to its branch managers, he was entitled to such a commission percentage on the Harmening, Wilson, Chauhan, Love, and Robertson loans, which he closed while he was serving as a branch manager. (*See* Pl's Proposed Findings of Fact & Conclusions of Law, Doc. 70, at 7.) The Court finds, however, that the fact Capital Mortgage regularly paid this percentage amount to other branch managers is insufficient to establish that there was an enforceable contract between Capital Mortgage and Kooiman to pay Kooiman this percentage. While the Court agrees that Capital Mortgage had some knowledge that Kooiman was opening the Mission Viejo office, there is no clear evidence to establish that Capital Mortgage agreed to increase his commission to that regularly paid to other branch managers.

Both Parties acknowledge, however, that Kooiman's existing contract provided for 40 basis point commissions on each loan originated by Capital Mortgage and 135 basis point commissions on each loan originated by Kooiman. There is no dispute that Kooiman received no commission on the Harmening, Wilson, Chauhan, Love, and Robertson loans.

4

This was contrary to the contract, and the Court finds that Kooiman is entitled to the amount corresponding to 40 basis points on the Wilson, Chauhan, Love, and Robertson loans and 135 basis points on the Harmening loan. Kooiman is ordered to file a supplemental brief calculating the amount he is owed based on the Court's ruling.

Additionally, the Court finds that Kooiman is entitled to 10% interest on the commissions owed. *See* Cal. Civ. Code § 3289 ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."). Neither party contends that the contract specified an interest rate.

### B. Labor Code Section 203

Under California law, the elements of a claim for failure to pay wages are: (1) the plaintiff performed work for the defendant; (2) that the defendant owes the plaintiff wages under the terms of employment; and (3) the amount of the unpaid wages. Cal. Civil Jury Instructions (CACI) 2700 Nonpayment of Wages—Essential Factual Elements.

Here, the Court finds Kooiman has established that he performed work for Capital Mortgage, and that Capital Mortgage owes him commissions under the terms of his employment; however, as stated above, the Court finds that Kooiman has not provided an accurate accounting of the amount of the unpaid wages. The Court orders Kooiman to provide an updated calculation of his daily average wages based on the Court's findings with respect to the loans listed above.

### C. Unreimbursed Business Expense

Under California law, the elements of a claim for failure to reimburse business expenses are: (1) the plaintiff incurred necessary expenditures; (2) the expenditures were incurred while discharging job duties; (3) the defendant employer knew or had reason to know of the expenditures; and (4) the defendant employer did not exercise due diligence

5

towards reimbursement. Cal. Labor Code § 2802(a); *Cochran v. Schwan's Home Services, Inc.*, 228 Cal. App. 4th 1137,1143-44 (Cal. App. 2014). The statute of limitations for a claim for failure to reimburse business expenses is three years. *See* Cal. Code Civ. Proc. § 338(a) (time of commencing actions upon liability created by statute, other than a penalty, is three years); *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, 2013 WL 800265, at *2 (C.D. Cal. Mar. 1, 2013) ("The statute of limitations under California Labor Code § 2802 is also three years because unreimbursed business expenses are not considered a penalty, but rather are considered restitution.").

Kooiman's Complaint was filed on February 11, 2020, and therefore, his claim under the Labor Code for reimbursement of business expenses incurred prior to February 11, 2017 is time-barred. (*See* Compl., Doc. 1-1.) He is, however, entitled to reimbursement of the expenses incurred after February 11, 2018. These expenses were necessary to the operation of the Mission Viejo office, they were incurred while Kooiman was discharging his duties in running that office, and even if Lewis and Capital Mortgage did not explicitly approve of opening that office, they certainly had reason to know Kooiman had opened the office and was incurring these types of expenses. Moreover, by failing to reimburse Kooiman, Capital Mortgage did not exercise due diligence. For instance, Capital Mortgage could have directed Kooiman to close the office and terminate the lease, but it did not; therefore, Capital Mortgage is responsible for the business expenses reasonably incurred in an office operated for its benefit.

Additionally, the Court concludes that Kooiman is entitled to attorney fees and costs for prevailing on this claim. *See* Cal. Labor Code § 2802(c) ("For purposes of this section, the term 'necessary expenditures' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.").

### D. Violation of Unfair Competition Law

California law prohibits the commission of unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. Prof. Code § 17200; *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 838-39 (1994). To assert standing under the UCL, plaintiffs must allege that they "suffered an injury in fact" and "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court has held that the four-year UCL statute of limitations applies even if the borrowed statute for an unlawful prong claim has a shorter limitations period. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000); *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1303-04 (S.D. Cal. 2014). The "general rule is that a UCL cause of action borrows the substantive portion of the borrowed statute to prove the 'unlawful' prong of that statute, but not the limitations procedural part of the borrowed statute." *Blanks v. Seyfarth Shaw LLP*, 171 Cal. App. 4th 336, 364 (2009).

As explained above, Capital Mortgage violated California Labor Code § 2802(a) by failing to reimburse Kooiman's business expenses. Applying the UCL's four-year statute of limitations, Kooiman is entitled to the disgorgement of the retained business expenses incurred after February 11, 2016. This covers the balance of Kooiman's claimed $67,435.32 in business expenses.

### E. Quantum Meruit

Under California law, the elements of a quantum meruit claim are: (1) the plaintiff performed services for the defendant; (2) the services' reasonable value; (3) that the services were rendered; and (4) that the services were unpaid. *DPR Constr. v. Shire Regenerative Med., Inc.*, 204 F. Supp. 3d 1118, 1131 (S.D. Cal. 2016). The statute of limitations for a quantum meruit claim is two years and begins to run when the final

services have been performed.  *Maglica v. Maglica*, 66 Cal. App. 4th 442, 452 (1998); *E.O.C. Ord, Inc. v. Kovakovich*, 200 Cal. App. 3d 1194, 1203 (1988).  Although quantum meruit recovery rests upon the equitable theory that there is an implied contract for services, "it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996).  Further, quantum meruit is an equitable remedy, and "[g]iven their extraordinary nature, equitable remedies are usually unavailable where the remedy at law is adequate, as where damages are quantifiable."  *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 726 (2009).

Kooiman's claim for quantum meruit as it relates to his unpaid loan commissions is time-barred.  These loans were closed between September and October of 2017, but he did not file the present action until February 2020, outside the two-year statute of limitations.  Moreover, as there was an express employment contract setting forth Kooiman's commission for closing loans, and the Court has found that Kooiman is entitled to the amount provided for in that agreement, there is no equitable basis for an implied-in-law promise to pay him a reasonable value for that work.  And as Kooiman is able to adequately recover his unreimbursed business expenses through legal remedies, as set forth above, recovery in quantum meruit is unavailable to him as to these expenses.  Accordingly, Kooiman is not entitled to recover on a theory of quantum meruit.

### III.   CONCLUSION

For the foregoing reasons, Kooiman is entitled to relief on his claims for: (1) breach of contract; (2) Labor Code Section 203; (3) unreimbursed business expenses; and (4) violation of the UCL.  Accordingly, the Court finds Kooiman is entitled to the amount of his commissions pursuant to the terms of his employment contract, ten percent interest on

those commissions, waiting time penalties based on those commissions, and the reimbursement of $67,435.32 in business expenses, and reasonable attorneys' fees.

Kooiman is ORDERED to file a supplemental brief addressing the following: (1) the amount he is owed for loan commissions based on the Court's ruling; and (2) the calculation of daily wages and waiting time penalties based on the Court's ruling. This supplemental brief shall be filed within **fourteen (14) days** of the entry of this Order, and shall be accompanied by a proposed Judgment that is consistent with the Court's ruling.

DATED: June 23, 2022

                                 JOSEPHINE L. STATON
                                 HON. JOSEPHINE L. STATON
                                 UNITED STATES DISTRICT JUDGE